# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

TERRY LEWIS, )
)
    Plaintiff, )
)
VS. )        No. 19-1117-JDT-cgc
)
SHAWN PHILLIPS, ET AL., )
)
    Defendants. )
)

---

## ORDER DISMISSING COMPLAINT, GRANTING LEAVE TO AMEND
## AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL

---

On June 6, 2019, Plaintiff Terry Lewis, who is incarcerated at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on June 7, 2019, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as NWCX Warden Shawn Phillips, NWCX Chief of Security Justin Lannom, NWCX Associate Warden of Security First Name Unknown (FNU) Reeves, and NWCX Correctional Officer FNU Cooper.

Lewis alleges that on January 25, 2019, he was stabbed "eleven or twelve times" by armed gang members who were allowed to enter his housing unit, despite not living there,

"for the sole purpose of robbing" him.  (ECF No. 1 at PageID 2.)  Lewis asserts that gangs routinely roam NWCX to attack or rob other inmates, NWCX allows the gangs to do so, and "[a]ll of the defendants are aware" that NWCX allows this but have failed to stop it. (*Id.*)  Lewis alleges that the gang members who stabbed him had to pass through two fences that either were not locked or were not manned because of staffing shortages at NWCX. (*Id.* at PageID 3.)  Lewis suggests that unspecified prison staff allowed the gang members to leave their housing unit, pass through the fences, and enter Lewis's housing unit.  (*Id.*)

Lewis further asserts that "[a]ll of the defendants know" that other inmates are making weapons out of materials in their cells but have done nothing to stop it, in violation of their official duties.  (*Id.* at PageID 3-4.)  He contends that "[t]he defendants failed to ensure that NWCX was safe and secure," which led to his attack.  (*Id.* at PageID 4.)

Lewis sues the Defendants in their official and individual capacities.  (*Id.* at PageID 2.)  He seeks an injunction ordering NWCX to hire more staff, declaratory relief, and money damages.  (*Id.* at PageID 5.)  He also requests that the Court appoint him counsel.  (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Lewis filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Lewis's claims against the Defendants in their official capacities are construed as claims against their employer, the Tennessee Department of Correction (TDOC). Claims against TDOC are, in turn, treated as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or

valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. Lewis thus has no claim for money damages against the Defendants in their official capacities.

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with his official-capacity claims for injunctive relief, Lewis must allege that the State was responsible for the violation of his constitutional rights because of a practiced custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Sixth Circuit has held that to establish the requisite causal link between constitutional violation and policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citing *Coogan*

*v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)).  The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights.  *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694).

Although Lewis generally alleges that the NWCX has a practice of allowing gang members to "roam the institution" and attack other prisoners, he does not connect that policy to the State of Tennessee or the TDOC.  His general allegations are insufficient to hold the State responsible for the alleged actions of its employees.

Similarly, Lewis's general allegations are insufficient to state a claim against any Defendant individually.  Throughout his complaint, Lewis refers to the Defendants only collectively.  He at no point specifies any Defendant's personal involvement in the alleged attack or the events preceding it.  Under even a liberal construction of his complaint, Lewis fails to state a claim against any Defendant.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (affirming district court's dismissal of complaint that "makes only categorical references to 'Defendants'" and holding that the complaint failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right'"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming that, because the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights," the complaint failed to state a claim for relief); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term

'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Lewis's complaint is therefore subject to dismissal for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Lewis should be given an opportunity to amend his complaint.

In conclusion, Lewis's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order.

Lewis is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the

amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Lewis fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Lewis also requests appointment of counsel. Because his complaint is still in the screening phase and the Court has not yet directed that any Defendant should be served with process, his motion is premature. The motion is therefore DENIED without prejudice to refiling, if necessary, at a later, appropriate time.

IT IS SO ORDERED.

 s/ **James D. Todd**

JAMES D. TODD
UNITED STATES DISTRICT JUDGE